UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:
**James D Keyser**                                   Case No.  09-81089
**Denise D. Keyser**                                 Chapter    13

Social Security No.: xxx-xx-6556 and xxx-xx-5133
Address: 331 Gaither Ashley Lane, Timberlake, NC 27583

Debtors

## MOTION FOR AUTHORITY TO SELL REAL PROPERTY

**NOW COME** the Debtors, by and through the undersigned attorney, pursuant to Sections 1303 and 363 of the Bankruptcy Code, requesting permission to sell real estate, and also requesting approval of an attorney fee, and in support thereof, shows unto the Court as follows:

1. Debtors have filed a petition for relief in bankruptcy under Chapter 13 of the United States Code on June 30, 2009.

2. This motion is being made so that the Debtors may sell at private sale two parcels totally 5.37 acres and a home

3. The Debtors are the owners of certain real property (hereinafter referred to as "said property") located in Person County in the State of North Carolina and known as 331 Gaither Ashley Road, Timberlake, NC  27583, and more particularly described as set forth in Plat Book 11, Page 15-b and Plat Book 13, Page 443 located in the Person County Registry.

4. Said property is listed on Schedule A attached to the Petition filed in this case, and valued in the total amount of $ 198,658.00

5. On October 11, 2010, the Debtors entered into a contract to sell said property for a price of $223,000.00.  Attached as Exhibit B is a copy of the Offer to Purchase and Contract.

6. The sales price represents the current fair market value of the property.

7. A copy of the preliminary Settlement Statement for the Closing of Title, showing projected costs, adjustments, disbursements and net proceeds, is attached herewith as Exhibit C.

8. Upon information and belief, as of the date of this motion, the only liens encumbering said property are those reflected in said Settlement Statement.

9. The proposed sale represents an arms-length transaction between the Debtors and the prospective purchaser(s), namely Romona Faye Creech. The Debtors are not related to the prospective purchaser(s) by blood, marriage or friendship, and have no business connection with the Debtors other than as prospective purchaser(s) of the said property. That the Debtors believe the proposed sale to be in the best interest of the Debtors for the following reason(s):

   a. The Debtors cannot afford to keep the property.
   b. Selling the property will lower the expenses of the Debtors, thereby promoting the financial rehabilitation of the Debtors.

10. The proposed sale will not affect the ability of the Debtors to successfully complete the Chapter 13 plan.

11. The proposed sale does not adversely affect the interests of the bankruptcy estate.

12. The Debtors intend to retain the net proceeds in an amount estimated to be $ 40,848.09 and not to exceed $70,000.00 as allowed by the statutory exemption and will pay to the Chapter 13 Trustee any remaining net proceeds.

13. That $450.00 is the reasonable value of the services provided and to be provided by the undersigned attorney for counseling the Debtors concerning the proposed sale, gathering information necessary to draft this application, drafting and processing this motion and the proposed order, interfacing with real estate agents, the purchasers and the closing attorney for the purpose of answering questions and concerns regarding the effect of the bankruptcy on the sale, extra follow-up to make sure that the ensuing order is obtained and transmitted to the closing attorney in a timely fashion to avoid delaying unnecessarily the projected closing of title. It is anticipated, based on many past experiences, that it will take at least 4 hours of attorney time to attend to said details. The also takes into account the **substantial risk** inherent in all real estate sales situations that undersigned attorney will perform these services and not get paid because, for one reason or another, the sale falls through.

**WHEREFORE**, the Debtors respectfully pray that the Court allow the said sale of the subject real property, approve payment of the attorney fee through the Debtors' Chapter 13 plan, and grant such other and further relief as to this Court seems just and proper.

Dated: November 24, 2010

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Edward Boltz
Edward Boltz
N.C. State Bar No.:23003
1738-D Hillandale Rd.
Durham, N.C. 27705
(919) 286-1695

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:
**James D Keyser**
**Denise D. Keyser**

Case No. 09-81089
Chapter 13

Social Security No.: xxx-xx-6556 and xxx-xx-5133
Address: 331 Gaither Ashley Lane, , Timberlake, NC 27583

Debtors

## CERTIFICATE OF SERVICE

I, Renee Nolte, of the Law Offices of John T. Orcutt, P.C., certify, under penalty of perjury, that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age, and that on November 24, 2010, I served copies of the **Motion for Authority to Sell Real**, electronically or when unable by regular U.S. mail, upon the following parties (names and addresses):

Richard M. Hutson, II
Chapter 13 Trustee
Post Office Box 3613
Durham, NC 27702

Michael West
Bankruptcy Administrator
Post Office Box 1828
Greensboro, NC 27402

James D Keyser
Denise D. Keyser
331 Gaither Ashley Lane
Timberlake, North Carolina 27583

Ron Coulter
**Closing Attorney**
Post Office Box 929
Durham, NC 27702-

Keller Williams Realty
**Realtor**
3211 Shannon Road
Suite 140
Durham, NC 27707-

Romona Faye Creech
**Purchaser**
C/O Keller Williams Realy/ Heather Mcandrew
2280 S. Church Street Ste 260
Burlington, NC 27215-

All creditors with duly filed claims as indicated on the Trustee's Report of Filed Claims.

/s Renee Nolte
Renee Nolte